ADDISON C. THORNE and Others, on Behalf of Themselves and All Other Stockholders Similarly Situated and on Behalf of BRAND'S RESRAURANT CONTROL CORPORATION, Appellants, v. H. RUSSELL BRAND and Others, Defendants, and BRAND'S RESTAURANT CONTROL CORPORATION, Respondent.— The respondent moved to vacate the service of a summons and complaint upon it. By order dated November 5, 1936, the motion was granted. Plaintiffs moved for a reargument of the motion. Reargument was granted, and on reargument the court adhered to its original determination. From the order entered on this decision on December 3, 1936, no appeal has been taken, nor does the order appear in the record. Upon the entry of that order the original order became ineffective and an appeal from it will not lie. The appeal should have been from the order of December third, which by its reference thereto incorporates the order of November fifth. Appeal dismissed, with ten dollars costs and disbursements. Lazansky, P. J., Hagarty, Carswell, Davis and Adel, JJ., concur.

(January 28, 1937.)

In the Matter of the Application of the PEOPLE OF THE STATE OF NEW YORK, by GEORGE S. VAN SCHAICK, as Superintendent of Insurance of the State of New York, for an Order to Take Possession of the Property of and Rehabilitate the WESTCHESTER TITLE AND TRUST COMPANY. In the Matter of a Plan of Readjustment, Modification and Reorganization of the Rights of the Holders of Mortgage Investments in a Group of Mortgages Guaranteed by the WESTCHESTER TITLE AND TRUST COMPANY and Designated as Series 69-B. ORIE R. KELLY, ANTHONY J. KERIN and PLINY W. WILLIAMSON, as Trustees, Appellants.— Appeal from an order denying appellants' application to effect the sale of a certain mortgage, the ground of denial being that the appellants, as trustees, having filed their resignations in this proceeding, are out of office and have no further rights to proceed in the matter. Order reversed on the law, without costs, and the matter remitted to the Special Term of the Supreme Court designated to be held in the county of Westchester for the trial of issues, the hearing of contested motions, and ex parte applications in all actions, proceedings and matters under article XI of the Insurance Law, chapter 745 of the Laws of 1933 and chapter 19 of the Laws of 1935, to pass upon the application on the merits. The proper construction of the declaration of trust, which represents the full scope of the engagement of the parties thereto, requires that the trustees, despite their resignations, shall continue in office until their successors have been selected. The trustees are directed forthwith to proceed to have their successors selected in the manner set forth in the declaration of trust. Lazansky, P. J., Carswell, Davis, Johnston and Adel, JJ., concur.